UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| EDUARDO ESTEVES, et al<br><br>individually and on behalf of all<br>others similarly situated,<br><br>     Plaintiffs,<br>v.<br><br>EL BESO MEXICAN RESTAURANTE, LLC<br>and ANDREAS BOURAXIS<br>     Defendants. | CASE NO. 15-CV-484 |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants El Beso Mexican Restaurante, LLC ("El Beso") and Andreas Bouraxis ("Bouraxis"), by their attorneys, Gutglass, Erickson, Bonville & Larson, S.C., as and for their Answer and Affirmative Defenses to Plaintiffs' Collective and Class Action Complaint ("Complaint"), state as follows:

### ANSWER

1. Answering paragraph 1 of the Complaint, admit that the named Plaintiffs are current and former employees who have worked for El Beso as Cooks, Bussers, Dishwashers, Expeditors, and/or Servers purporting to assert collective and class action claims. Deny the remaining allegations.

2. Answering paragraph 2 of the Complaint, admit.

3. Answering paragraph 3 of the Complaint, admit that the named Plaintiffs are current and former employees who have worked for El Beso as Cooks, Bussers, Dishwashers, Expeditors, and/or Servers and who purport to assert collective and class action claims for the

1

relief stated. Deny knowledge or information sufficient to form a belief as to Plaintiffs' motives or purposes for bringing suit. Deny the remaining allegations.

## JURISDICTION AND VENUE

4. Answering paragraph 4 of the Complaint, admit.

5. Answering paragraph 5 of the Complaint, admit.

6. Answering paragraph 6 of the Complaint, admit.

## PARTIES

7. Answering paragraph 7 of the Complaint, admit.

8. Answering paragraph 8 of the Complaint, admit.

9. Answering paragraph 9 of the Complaint, admit.

10. Answering paragraph 10 of the Complaint, admit.

11. Answering paragraph 11 of the Complaint, admit only that Bouraxis performs the functions and exercises the control described as an employee acting within the scope of his employment. Deny all remaining allegations.

12. Answering paragraph 12 of the Complaint, deny.

13. Answering paragraph 13 of the Complaint, admit that Plaintiff Eduardo Esteves ("Esteves") is an adult resident of Milwaukee County, Wisconsin who has worked for El Beso as a Busser. Further admit that an unmarked exhibit containing a consent form is attached to the Complaint. Deny the remaining allegations.

14. Answering paragraph 14 of the Complaint, admit that Plaintiff Eligio Mazaba ("Mazaba") is an adult resident of Milwaukee County, Wisconsin who has worked for El Beso as a Dishwasher. Further admit that an unmarked exhibit containing a consent form is attached to the Complaint. Deny the remaining allegations.

15. Answering paragraph 15 of the Complaint, admit that Plaintiff Alfredo Carmona ("Carmona") is an adult resident of Milwaukee County, Wisconsin who has worked for El Beso as a Cook. Further admit that an unmarked exhibit containing a consent form is attached to the Complaint. Deny the remaining allegations.

16. Answering paragraph 16 of the Complaint, upon information and belief, deny that Plaintiff Jesus Rodriguez ("Rodriquez") is an adult resident of Milwaukee County, Wisconsin and admit that he formerly worked for El Beso as a Server. Admit that an unmarked exhibit containing a consent form is attached to the Complaint. Deny the remaining allegations.

17. Answering paragraph 17 of the Complaint, admit that Plaintiff Gilberto Chacha Mendoza ("Mendoza") is an adult resident of Milwaukee County, Wisconsin who has worked for El Beso as a Busser and an Expeditor. Further admit that an unmarked exhibit containing a consent form is attached to the Complaint. Deny the remaining allegations.

18. Answering paragraph 18 of the Complaint, admit.

19. Answering paragraph 19 of the Complaint, admit that Plaintiffs define the term "FLSA Server Class" and that Rodriguez purports to bring this action on his own behalf and as a class member. Deny that Rodriguez is a class member qualified to represent the class, the existence of the class, and all remaining allegations.

20. Answering paragraph 20 of the Complaint, admit that Plaintiffs define the term "Wisconsin Server Class" and that Rodriguez purports to bring this action on his own behalf and as a class member. Deny that Rodriguez is a class member qualified to represent the class, the existence of the class, and all remaining allegations.

21. Answering paragraph 21 of the Complaint, admit.

3

22. Answering paragraph 22 of the Complaint, admit that Plaintiffs define the term "FLSA Busser Class" and that Esteves and Mendoza purport to bring this action on their own behalves and as class members. Deny that they are class members qualified to represent the class, the existence of the class, and all remaining allegations.

23. Answering paragraph 23 of the Complaint, admit that Plaintiffs define the term "Wisconsin Busser Class" and that Esteves and Mendoza purport to bring this action on their own behalves and as class members. Deny that they are class members qualified to represent the class, the existence of the class, and all remaining allegations.

24. Answering paragraph 24 of the Complaint, admit.

25. Answering paragraph 25 of the Complaint, admit that Plaintiffs define the term "FLSA Back-of-House Class," that El Beso has employed Cooks, Dishwashers, and Expeditors during the three years immediately the filing of this action, including Mendoza, Mazaba, and Carmona, and that those Plaintiffs purport to bring this action on their own behalves and as class members. Deny that the class definition is appropriate and further deny that the named individuals are class members qualified to represent the class, the existence of a class entitled to relief, and all remaining allegations.

26. Answering paragraph 26 of the Complaint, admit that Plaintiffs define the term "Wisconsin Back-of-House Class," that El Beso has employed Cooks, Dishwashers, and Expeditors during the three years immediately preceding the filing of this action, including Mendoza, Mazaba, and Carmona, and that those Plaintiffs purport to bring this action on their own behalves and as class members. Deny that they are class members qualified to represent the class, the existence of a class entitled to relief, that the definitions of the class and the term "Back-of-House" is appropriate, and all remaining allegations.

27. Answering paragraph 27 of the Complaint, deny that the definitions are appropriate.

28. Answering paragraph 28 of the Complaint, deny that the Back-of-House definition is accurate.

29. Answering paragraph 29 of the Complaint, deny that the Back-of-House definition is accurate.

**RESPONSE TO GENERAL ALLEGATIONS**

30. Answering paragraph 30 of the Complaint, admit.

31. Answering paragraph 31 of the Complaint, admit.

32. Answering paragraph 32 of the Complaint, admit.

33. Answering paragraph 33 of the Complaint, deny that the alleged duties are a complete description of the work performed by Expeditors.

34. Answering paragraph 34 of the Complaint, admit.

35. Answering paragraph 35 of the Complaint, admit.

36. Answering paragraph 36 of the Complaint, admit.

37. Answering paragraph 37 of the Complaint, admit.

38. Answering paragraph 38 of the Complaint, deny.

39. Answering paragraph 39 of the Complaint, deny.

40. Answering paragraph 40 of the Complaint, deny.

41. Answering paragraph 41 of the Complaint, deny.

42. Answering paragraph 42 of the Complaint, deny.

43. Answering paragraph 43 of the Complaint, deny.

44. Answering paragraph 44 of the Complaint, deny.

45. Answering paragraph 45 of the Complaint, deny.

46. Answering paragraph 46 of the Complaint, deny.

47. Answering paragraph 47 of the Complaint, deny.

48. Answering paragraph 48 of the Complaint, deny.

49. Answering paragraph 49 of the Complaint, deny.

50. Answering paragraph 50 of the Complaint, admit that since April 23, 2012, El Beso has paid its Cooks and Dishwashers an hourly rate. Deny the remaining allegations.

51. Answering paragraph 51 of the Complaint, admit that Cooks, Dishwashers, and/or Expeditors have worked in excess of forty hours in various workweeks. Deny all remaining allegations.

52. Answering paragraph 52 of the Complaint, admit.

53. Answering paragraph 53 of the Complaint, admit that since April 23, 2012, El Beso has exercised control over the servers' tip pool contributions. Deny the remaining allegations.

54. Answering paragraph 54 of the Complaint, admit that since April 23, 2012, El Beso, through its management, has distributed the money in the tip pool to Bussers and Bartenders. Deny the remaining allegations.

55. Answering paragraph 55 of the Complaint, deny.

56. Answering paragraph 56 of the Complaint, deny.

57. Answering paragraph 57 of the Complaint, the term "provided" is vague and, therefore, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and therefore deny same.

58. Answering paragraph 58 of the Complaint, deny.

6

59. Answering paragraph 59 of the Complaint, deny.

60. Answering paragraph 60 of the Complaint, deny.

61. Answering paragraph 61 of the Complaint, deny.

62. Answering paragraph 62 of the Complaint, deny.

63. Answering paragraph 63 of the Complaint, deny.

64. Answering paragraph 64 of the Complaint, admit that since April 23, 2012, Servers, Bussers, Cooks, Dishwashers, and Expeditors have recorded the hours they work on a time-keeping system integrated with El Beso's point of sale system. Deny the remaining allegations.

65. Answering paragraph 65 of the Complaint, admit that since April 23, 2012, the hours recorded in El Beso's point of sale time-keeping system have accurately reflected the hours worked by employees. Deny the remaining allegations.

66. Answering paragraph 66 of the Complaint, deny.

67. Answering paragraph 67 of the Complaint, deny.

68. Answering paragraph 68 of the Complaint, deny.

69. Answering paragraph 69 of the Complaint, deny.

**RESPONSE TO COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA**

70. Answering paragraph 70 of the Complaint, deny.

71. Answering paragraph 71 of the Complaint, deny.

72. Answering paragraph 72 of the Complaint, deny.

73. Answering paragraph 73 of the Complaint, admit that El Beso is capable of posting notices and has records of its employees' names, telephone numbers, social security numbers, and addresses. Deny the remaining allegations.

7

8

## RESPONSE TO CLASS ALLEGATIONS - WISCONSIN

74. Answering paragraph 74 of the Complaint, deny there is factual support for any of the claims asserted by the Named Plaintiffs and deny that proceeding under Fed. R. Civ. P. 23 is appropriate in this case.

75. Answering paragraph 75 of the Complaint, admit that current and former employees of El Beso can be identified and deny the remaining allegations of the paragraph.

76. Answering paragraph 76 of the Complaint, deny.

77. Answering paragraph 77 of the Complaint, deny.

78. Answering paragraph 78 of the Complaint, deny knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations regarding whether they have interests antagonistic to those of the classes they purport to represent. Deny the remaining allegations.

79. Answering paragraph 79 of the Complaint, deny.

80. Answering paragraph 80 of the Complaint, deny.

81. Answering paragraph 81 of the Complaint, deny.

## RESPONSES TO FIRST CLAIM FOR RELIEF
### Alleging Violation of the Fair Labor Standards Act of 1938 as Amended

82. Answering paragraph 82 of the Complaint, reassert and incorporate by reference all paragraphs set forth above as if restated herein.

83. Answering paragraph 83 of the Complaint, lack knowledge or information sufficient to form a belief as to the truth of this allegation.

84. Answering paragraph 84 of the Complaint, admit that El Beso is engaged in commerce. Deny knowledge or information sufficient to form a belief as to the remaining allegations.

85. Answering paragraph 85 of the Complaint, admit that El Beso is or was an employer of the Named Plaintiffs within the three years immediately preceding the filing of the Complaint. Deny all remaining allegations.

86. Answering paragraph 86 of the Complaint, deny.

87. Answering paragraph 87 of the Complaint, deny.

88. Answering paragraph 88 of the Complaint, deny knowledge or information sufficient to form a belief as to the truth of the allegations of said paragraph and, therefore, deny same.

89. Answering paragraph 89 of the Complaint, deny.

90. Answering paragraph 90 of the Complaint, deny.

**RESPONSE TO SECOND CLAIM FOR RELIEF**
**Alleging Violation of Wisconsin Law –**
**Unpaid Minimum, Agreed Upon, and Overtime Wages**

91. Answering paragraph 91 of the Complaint, reassert and incorporate by reference all paragraphs set forth above as if restated herein.

92. Answering paragraph 92 of the Complaint, admit that on and/or after April 23, 2013, the Named Plaintiffs have been employees of El Beso, within the meaning of the statutes cited in the Complaint. Deny all remaining allegations.

93. Answering paragraph 93 of the Complaint, admit.

94. Answering paragraph 94 of the Complaint, admit that the Named Plaintiffs are and have been El Beso employees, within the meaning of the statutory and regulatory provisions specifically cited, since on or after April 23, 2013. Deny knowledge or information sufficient to form a belief as to whether they are employees within the meaning of other statutes and

10

Case 2:15-cv-00484-LA   Filed 05/20/15   Page 10 of 13   Document 8

regulations Plaintiffs rely on, since Plaintiffs' use of "*et seq.*" makes the allegation vague and ambiguous. Deny all remaining allegations.

95. Answering paragraph 95 of the Complaint, deny.

96. Answering paragraph 96 of the Complaint, deny.

97. Answering paragraph 97 of the Complaint, deny.

98. Answering paragraph 98 of the Complaint, deny.

99. Answering paragraph 99 of the Complaint, admit the verbiage contained in Wis. Stat. § 109.03 and deny anything inconsistent therewith alleged in said paragraph.

100. Answering paragraph 100 of the Complaint, deny.

101. Answering paragraph 101 of the Complaint, deny the allegations in the first sentence. Further answering said paragraph, deny that the Named Plaintiffs are entitled to or that Defendants have any liability for any of the relief prayed for in the remainder of paragraph 101.

102. Answering paragraph 102 of the Complaint, deny that the Named Plaintiffs are entitled to or that Defendants are liable for the relief prayed for in paragraph 102.

## RESPONSE TO THIRD CLAIM FOR RELIEF
### Violation of Wisconsin Law – Illegal and Unauthorized Deductions

103. Answering paragraph 103 of the Complaint, reassert and incorporate by reference all paragraphs set forth above as if restated herein.

104. Answering paragraph 104 of the Complaint, deny.

105. Answering paragraph 105 of the Complaint, deny the allegations in the first sentence. Further answering said paragraph, deny that the Named Plaintiffs are entitled to or that Defendants have any liability for the relief prayed for in the remainder of paragraph 105. Deny any remaining allegations of said paragraph.

11

106. Answering paragraph 106 of the Complaint, deny that the Named Plaintiffs are entitled to or that Defendants are liable for the relief prayed for in paragraph 106.

## AFFIRMATIVE DEFENSES

107. Plaintiffs have failed to sate a claim upon which relief may be granted.

108. Plaintiffs have failed to mitigate their damages.

109. Plaintiffs are barred by the equitable doctrines of estoppel, waiver, unclean hands, and *in peri delicto*.

110. Upon information and belief, certain claims alleged are barred by the limitations period under state and federal law.

111. Defendants acted at all times in good faith in attempting to comply with their obligations under FLSA and state law.

112. The Named Plaintiffs are not members of the putative class or collective class.

113. The Named Plaintiffs and members of the putative class or collective class, if any, are not similarly situated.

114. The potential claims of the putative class and collective class members, if any, lack commonality and typicality.

115. Upon information and belief, Plaintiffs seek compensation for activities that were taken for Plaintiffs' own convenience, which is not "work" within the meaning of the FLSA or state law.

116. Upon information and belief, any alleged violations are *de minimis*.

WHEREFORE, Defendants pray for judgment as follows:

A. For judgment in Defendants' favor on all claims for relief;

B. Denying class and collective class certification;

C. Awarding Defendants' reasonable costs and disbursements incurred in this action; and

D. For such further relief as the Court deems just and equitable.

Dated at Milwaukee, Wisconsin this 20th day of May, 2015,

**GUTGLASS, ERICKSON, BONVILLE & LARSON, S.C.**

By: \_/s/ Joan M. Huffman_____
Paul R Erickson, SBN 1003920
paul.erickson@gebsc.com
Joan M. Huffman, SBN 1059029
joan.huffman@gebsc.com
735 N Water St # 1400
Milwaukee, WI 53202-4106
Telephone: (414) 908-0242
Facsimile: (414) 273-3821
Attorneys for Defendant