UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

EDUARDO ESTEVES, et al
individually and on behalf of all
others similarly situated,

CASE NO. 15-CV-484

      Plaintiffs,

v.

EL BESO MEXICAN RESTAURANTE, LLC
and ANDREAS BOURAXIS

      Defendants.

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DECERTIFY THE FLSA COLLECTIVE ACTION OR, IN THE ALTERNATIVE, DISMISS CERTAIN OPT-IN PLAINTIFFS

Defendants' El Beso Mexican Restaurante, LLC d/b/a El Beso Mexican Restaurante and Cantina (hereinafter referred to as "El Beso") and Andreas Bouraxis (hereinafter collectively referred to as "Defendants"), by their attorneys, Gutglass, Erickson, Bonville & Larson, S.C., respectively request that the Court decertify three conditionally certified classes: (1) Collective Server Class; (2) Collective Busser/Expeditor Class; and (3) Collective Cooks/Dishwasher Class or, alternatively, dismiss certain Opt-In Plaintiffs.[1] The majority of the individuals that have filed consents to join this action should be immediately dismissed because they have failed to state a claim in accordance with Fed. R. Civ. Pro. 8. Additionally, the Named Plaintiffs in this matter are not so similarly situated to any of the Opt-In Plaintiffs that the matter should precede on a collective basis.

---

[1] These motions are pled in the alternative because if the collective classes are decertified, then the motion to dismiss certain opt-in plaintiffs is mooted by virtue of decertification.

# TABLE OF CONTENTS

Table of Contents.................................................................................................2

Table of Authorities...........................................................................................3

Facts.....................................................................................................................4

Standard of Review.............................................................................................6

Argument..............................................................................................................9

I. Certain Opt-In Plaintiffs Should be Dismissed Because They Have Failed to State a Claim...9

II. Opt In Plaintiffs Who Have Not Commenced Suit in Accordance With §216(b) Should be Immediately Dismissed .................................................................................11

    A. A Potential Plaintiff's Consent to Join the Lawsuit Must Consent to Join As Either a Putative Class Member or a Representative of the Class ...............................11

    B. Consents with Typed /s Signatures are Deficient .........................................12

III. Collective Classes Should be Decertified................................................................14

    A. The Server Class lacks the numerosity requirement........................................15

    B. The Busser/Expeditor and Cooks/Dishwasher Classes lack the numerosity requirement 16

    C. The Named Plaintiffs are not similarly situated with the Opt-In Plaintiffs.....................16

        1. El Beso relied on different payroll servicers from year to year............................16

        2. Plaintiffs worked different schedules with different managers .............................18

Conclusion ....................................................................................................................18

# TABLE OF AUTHORITIES

**Cases**

*Harkins v. Riverboat Servs.*, 2002 U.S. Dist. LEXIS 19637 *6 (N.D. Ill. May 17, 2002)..............7

*Harkins v Riverboat Services, Inc.*, 385 FR.3d 1099 (7th Cir. 2004)..............................7

*Espenscheid v DirectSat USA, LLC*, 705 F.3d 770 (7th Cir. 2013)...........................7

*Jonites v. Exelon Corp.*, 522 F.3d 721(7th Cir. 2008).................................................8

*Reed v. County of Orange*, 266 F.R.D. 446 (C.D. Cal. 2010) ...............................8

*Proctor v. Allsups Convenience Stores, Inc.*, 250 F.R.D. 278 (N.D. Tex. 2008) ...........................8

*Pacheco v. Boar's Head Provisions, Inc.*, 671 F. Supp. 2d 957 (W.D. Mich. 2009) .....................8

*Johnson v. Big Lots Stores, Inc.*, 561 F. Supp. 2d 567 (E.D. La. 2008) ...............................8

*Montclair v Ramsdell*, 107 U.S. 147 (1883) ...................................................................11

*Kulik v. Superior Pipe Specialties Co.*, 203 F. Supp. 938 (E.D. Ill. 1962)....................................13

*Frye v Baptist Mem. Hosp., Inc.*, 495 Fed. Appx. 669 (6th Cir. 2012) .........................................13

*Arrington v. Nat'l Broadcasting Co.*, 531 F. Supp. 498 (D.D.C. 1982) ...................................14

*Deley v. Atlantic Box & Lumber Corp.*, 119 F. Supp. 727(D.N.J. 1954) .....................................15

*Keele v Wexler*, 149 F.3d 589 (7th Cir. 1998) ........................................................15

*Swanson v. American Consumer Indus., Inc.*, 415 F.2d 1326 (7th Cir. 1969) .............................15

*Bankston v. State of Illinois*, 60 F.3d 1249 (7th Cir.1995) ...............................................17

*McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 108 S. Ct. 1677(1988) ...................................17

*Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 105 S. Ct. 613(1985) ...............................17

**Statutes**

29 U.S.C. § 216(b) ...........................................................................................7

29 U.S.C. 256(a)(b) ...........................................................................................7

Fed. R. Civ. P. 8...............................................................................................7

Fed. R. Civ. P. 23............................................................................................7

29 U.S.C. § 255(a) ..........................................................................................17

Case 2:15-cv-00484-LA   Filed 08/31/18   Page 3 of 29   Document 49

# FACTS

Plaintiffs' Complaint alleges a wage and hour action under the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201, et seq., brought by Eduardo Esteves, Eligio Mazaba, Alfredo Carmona, Jesus Rodriquez, and Gilberto Chacha Mendoza, (hereinafter referred to as "Named Plaintiffs"), on behalf of themselves and all others similarly situated. (Doc. No. 1) Given the lenient standard applicable in the first stage of collective class certification, the Defendants stipulated to conditionally certify three classes:

1. **Collective Server Class** - All persons who worked at the El Beso restaurant located at 5030 S. 74th Street in Greenfield, Wisconsin as a Server at any time since September 19, 2012.

2. **Collective Busser/Expeditor Class** – All persons who worked at the El Beso restaurant located at 5030 S. 74th Street in Greenfield, Wisconsin as a Busser and/or Expeditor at any time since September 19, 2012.

3. **Collective Cooks/Dishwasher Class** - All persons who worked at the El Beso restaurant located at 5030 S. 74th Street in Greenfield, Wisconsin as a Cook and/or Dishwasher at any time since September 19, 2012.

(*See* Doc. No. 27).

Since conditional certification, 29 individuals[2] filed consents to join the collective action (hereinafter referred to as "Opt-In Plaintiffs").

## *Employment and Litigation*

## <u>April 24, 2015</u>

Named Plaintiffs commenced this action on April 24, 2015. (Doc. No. 1). The Complaint alleges that the proposed FLSA class would encompass employees who worked as a Server, Busser, Cook, Dishwasher and/or servers *within three years prior to this action's filing date*. (Doc. No. 1 ¶¶ 19, 22, 25, 83, 85)(Emphasis added). Three years prior to filing is April 24, 2012.

---

[2] Although 29 individuals have filed purported opt-in consents, Plaintiffs' Initial Disclosures do not identify Emanuele G. Lara, Sebastian J. Tavares, and Anderson Torralba. It is unclear whether these 3 individuals that are not listed on Plaintiffs' Initial Disclosures have withdrawn their consent or not.

4

Simultaneously filed with the Complaint were the Named Plaintiffs' purported *Consents to Join Lawsuit*. (Doc. No. 1-4).

### April 30, 3015

J. Lizardo, E. Gomez and I. Gomez filed purported *Consents to Join Lawsuit*. (Doc. No. 3, Ex's 1, 2, & 3).

### June 30, 2015

G. Bustos opts in to the Collective Action a server. Mr. Bustos is also known as J. Ugalde. (Doc. No. 12).

### August 26, 2015

The parties filed a *Joint Stipulation to Stay Proceedings*. (Doc. No. 20). The stipulation tolled the putative FLSA collective action members' statutes of limitation for a period beginning on August 26, 2015 through the Court's scheduling conference. (*Id.* ¶ 7).

### April 20, 2017

The parties participated in a scheduling conference with the Court. Accordingly, the statute of limitations for the putative FLSA collective action members was effectively tolled for 603 days (August 26, 2015 through April 20, 2017).

### July 18, 2017

The parties stipulated to three conditional classes. (Doc. No. 27). The stipulation specifically reserved the Defendants' right to move for decertification. (*Id.*)

### September 13, 2017 – October 20, 2017

After the parties participated in a scheduling conference with the Court, S. Tavares; E. Lara; R. Hernandez; A. Lopez; J. Cerda; M. Chacha Mendoza; B. Chavez Jr.; G. Chacha Mendoza; E. Mazaba; F. Davila; D. Kowalski; M. Morales; F. Basina; A. Chillan; Jose,

5

Rodriquez; U. Leon; J.M. Ladislao; C. Espinoza; A. Alcaraz; R. Alba; D. Mata A; Torralba; L. Kobow; I. Arteaga; and M. Turner filed consents to opt in to the FLSA Collective Action alleging that they worked as servers for El Beso within the last three years of consent. (Doc. Nos. 29-1,31-1, 32-1, 33-1, 34-1, 35-1, 36-1, 37-1, 38-1, 39-1, 40-1, 41-1, 42-1,43-1, 43-2, 44-1).

### *Payroll Providers*

El Beso has always relied on professional payroll services.   Since 2012 El Beso has retained the following payroll providers:

> January 1, 2012 through December 31, 2014…......S. Sherman Accounting Services
> January 1, 2015 through June 30, 2015…………..…………….............. Paychex
> July 1, 2015 through December 31, 2016……………...……….....The Neal Group
> January 1, 2017 through the present…………………..Covenant Accounting LLC

(Bouraxis Aff. ¶¶ 4-5).

### *Employee Turnover*

El Beso is a restaurant and the employee turnover rate is extremely high. Manager and restaurant manager, positions within El Beso have a similar turnover rate. Additionally, given the nature of the business, managers vary from day to day and from shift to shift.  (Bouraxis Aff. ¶¶ 6-7).

### STANDARD OF REVIEW

The Opt-In Plaintiffs cannot recover as a matter of law and should be dismissed. Federal Rule 8 provides that a pleading which sets forth a claim for relief shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment.

In a collective action to recover unpaid overtime wages, the FLSA explicitly establishes no employee shall be a party plaintiff unless the proposed plaintiff provides a written consent to

6

join the suit and that consent is filed with the court. 29 U.S.C. § 216(b). Specifically, § 216(b) states:

> An action to recover . . . may be maintained . . . by any one or more employees for and on behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless *he gives his consent in writing to become such a party* and such consent is filed in the court in which such action is brought.

*Id.* (emphasis added). FLSA Collective actions are commenced in the case of any individual claimant either:

> (a) on the date when the complaint is filed, *if he is specifically named as a party plaintiff in the complaint <u>and</u> his written consent to become a party plaintiff is filed* on such date in the court in which the action is brought; or
>
> (b) if such written consent was not so filed or if his name did not so appear—*on the subsequent date on which such written consent is filed* in the court in which the action was commenced.

29 U.S.C. 256(a)(b) (emphasis added).

Therefore, in order to satisfy both Rule 8 and FLSA, "an individual plaintiff's claim for overtime wages commences in a collective action only when both (1) the plaintiff files his or her written consent with the court and (2) the complaint includes the plaintiff and the plaintiff's properly pleaded claim." *Harkins v. Riverboat Servs.*, 2002 U.S. Dist. LEXIS 19637 *6 (N.D. Ill. May 17, 2002), aff'd, 385 F.3d 1099 (7th Cir. 2004); citing 29 U.S.C. 256, and Fed.R.Civ.P. 8.

Although the language in Rule 23 and § 216(b) is not the same, the Court of Appeals for the Seventh Circuit has stated that "there isn't a good reason to have different standards for the certification of the two different types of action, "so it has incorporated the requirements for Rule 23 into § 216(b). *Espenscheid v DirectSat USA, LLC*, 705 F.3d 770, 772 (7th Cir. 2013). In other words, to certify the FLSA Collective Class, Rule 23's requirements for numerosity, commonality, typicality, adequacy, and predominance or superiority must be satisfied. (*Id.*)

7

Additionally, § 216(b), permits actions by "any one or more employees for and on behalf of himself or themselves and other employees similarly situated." *Jonites v. Exelon Corp.*, 522 F.3d 721, 725-26 (7th Cir. 2008).

FLSA class certification is a two stage process. Here, the parties stipulated to the first stage. The second stage of the analysis, "decertification," occurs after discovery, and implicates a far more stringent standard. *See Reed v. County of Orange*, 266 F.R.D. 446, 449-50 (C.D. Cal. 2010).

While Defendants are the "movants" at this second-stage, the burden remains on Plaintiffs to establish that they are "similarly situated" to themselves and the class of opt-in Plaintiffs. *See Proctor v. Allsups Convenience Stores, Inc.*, 250 F.R.D. 278, 280 (N.D. Tex. 2008). Plaintiffs must present admissible evidence to meet the more "rigorous" analysis applicable at stage two. *See Pacheco v. Boar's Head Provisions, Inc.*, 671 F. Supp. 2d 957, 959 (W.D. Mich. 2009) (noting that "[a]t the close of discovery, [the Court] make[s] a second determination, using a more rigorous standard, as to whether the lead plaintiffs and the opt-in plaintiffs are similarly situated"); *Proctor*, 250 F.R.D. at 280 (finding that at decertification stage, the inquiry is "much more stringent.

Decertification is appropriate where "the action relates to specific circumstances personal to the plaintiff rather than any generally applicable policy or practice." *Proctor*, 250 F.R.D. at 280 (reasoning that "the more material distinction revealed by the evidence, the more likely the district court is to decertify the collective action"). "The more dissimilar plaintiffs' job experiences are from one another and the more individuated an employers' defenses are, the less appropriate the matter is for collective treatment." *Johnson v. Big Lots Stores, Inc.*, 561 F. Supp.

2d 567 (E.D. La. 2008). Where the claims at issue are "hopelessly heterogeneous," use of the collective action mechanism in § 216(b) is "egregious." *Jonites*, 522 F.3d at 725-26.

## ARGUMENT

Given the statutory mandates for FLSA consent and by Fed. Rule, Civ. P. 8, the Opt-In Plaintiffs have either failed to adequately plead their claim and/or failed to file the appropriate consents to join a collective action, and such parties should be dismissed. Additionally, the payroll and employment records that have been produced throughout discovery demonstrate the individual nature of each Opt-In Plaintiffs' claim, if they have a claim at all, and that the applicable defenses of the Defendants are specific to each individual claim.

The Named Plaintiffs are not so similarly situated to the Opt-In Plaintiffs to support continuing on a collective basis because the managers supervising the various parties have changed over the years in question and the alleged "violations" are distinct from one party to another and, perhaps most importantly, El Beso has retained four different professional payroll service providers since 2012. (Bouraxis Aff. ¶¶ 4-5). Additionally, the employment and factual settings of the Opt-In Plaintiffs differ based on personal experience, time and duration of employment and position. The claims and defenses are undeniably specific to each Plaintiff and render the Opt-In Plaintiffs so dissimilar from one another and from the Named Plaintiffs that the respective classes should be decertified.

## I.     CERTAIN OPT-IN PLAINTIFFS SHOULD BE DISMISSED BECAUSE THEY HAVE FAILED TO STATE A CLAIM.

Without both consent, and corresponding allegations in the complaint an individual may not, as a matter of law, continue as a party plaintiff in a FLSA action. (Fed. Civ. R. 8; 29 U.S.C. § 256(a); §216(b); see also *Harkins v. Riverboat Servs.*, 2002 U.S. Dist. LEXIS 19637 (N.D. Ill. May 17, 2002), aff'd, 385 F.3d 1099 (7th Cir. 2004) (holding that Section 216(b) operates in

9

conjunction with Rule 8 of the Federal Rules of Civil procedure and requires that the employee name the individual plaintiff and allege his or her cause of action in the complaint and that the individual plaintiff must file a written consent.)

The Named Plaintiffs allege that El Beso violated the FLSA, giving rise to a FLSA collective action which is brought on behalf of the Named Plaintiffs and those similarly situated who worked as a Server, Busser, Cook, Dishwasher and/or Expeditor *within three years prior to this action's filing date*. (Doc. No. 1 ¶¶ 19, 22, 25, 83, 85)(emphasis added). Although the Complaint alleges that El Beso "has paid and continues to pay [Server, Busser, Cook, Dishwasher] Classes" at wages below minimum wage, (*Id.* ¶¶ 38, 39, 41, 43, 48, 49) it does not allege any facts that expands the suit to encompass employees who may have worked solely *after* the action was filed. Likewise, Plaintiffs' motion for conditional class certification states that "Plaintiffs allege Defendants . . . violated the FLSA by failing to account for and compensate the Plaintiffs and the Collective Classes (*as defined in the Complaint*) . . ." and "Plaintiffs and members of the Collective Classes were employed by Defendants in *the three years prior to filing* the Complaint ..." (Doc. No. 4 ¶¶ 3, 6 (emphasis added)).

The Defendants are minimally entitled to a short and plain statement of the claim showing that the pleader is entitled to relief. (Fed. R. Civ. P. 8). Here, the claim is that El Beso employees, who worked at some point from April 24, 2012 through April 24, 2015, were not paid in accordance with FLSA. (*See* Doc. No. 1). Despite the Plaintiffs' allegations, a number of the Opt-In Plaintiffs did not work at El Beso in any capacity between April 24, 2012 and April 24, 2015. (Bouraxis Aff. ¶ 8). This defense will be asserted depending on the particular Plaintiff at issue, and cannot be resolved on a class wide basis.

In sum, any purported Opt-In who was employed solely after April 25, 2015 has not stated a claim in accordance with Rule 8. Although the parties stipulated to toll the putative class members time to opt-in, that tolling merely applies to the parties who would have been a putative class member in the first instance. Accordingly, these Opt-In Plaintiffs have failed to state a claim, they cannot pursue this action, and they should immediately be dismissed.

## II. OPT IN PLAINTIFFS WHO HAVE NOT COMMENCED SUIT IN ACCORDANCE WITH § 216(B) SHOULD BE IMMEDIATELY DISMISSED.

### A. A potential plaintiff's *Consent to Join the Lawsuit* must consent to join as either a putative class member or a representative of the class.

J. Lizardo, E. Gomez and I. Gomez should be dismissed because they have not commenced suit in accordance with § 216(b). These individuals' "Consents" which were filed on April 30, 2015 (see Doc. Nos. 3-1, 3-2, 3-3) are not adequately defined to determine whether or not the individuals actually consented for the Named Plaintiffs to pursue this action collectively on their behalf. The consents read as follows:

> I hereby consent to make a claim against El Beso Restaurant for unpaid minimum wage, and overtime, and/or agreed upon wages. During the past three years, there were weeks that I worked and did not receive compensation at my agreed upon rate. During the past three years, there were weeks that I worked over 40 hours as an employee for El Beso Restaurant and did not receive overtime compensation for those hours.

Rule 216(b) requires that the party consent in writing a desire to participate in a FLSA collective action and said consent must be specific in regards to what type of party the individual is consenting to participate as. A basic principle of statutory interpretation is that courts should give effect to every clause and word of a statute, avoiding construing language as mere surplusage. *Montclair v Ramsdell*, 107 U.S. 147, 152 (1883). By including "such a party" as opposed to merely using the term "party" in § 216(b) it is clear that the legislature intended the consents clarify whether the individual giving consent is consenting to be a plaintiff in a

11

representative capacity or as the represented. Named Plaintiffs must additionally file the required consents in order to proceed with a FLSA claim, so any argument that the consent is specific to putative class members is a shallow one. See *Harkins v Riverboat Services, Inc.*, 385 FR.3d 1099, 1101 (7th Cir. 2004)(holding that Named Plaintiffs must file consents with the court to commence a FLSA collective action).

In the rare intersection of law and logic, requiring a written consent to specify which type of party the individual is consenting to be (either the party who is making the claim on behalf of themselves or the party being represented by another) makes sense. An individual who pursues an action on a represented basis as opposed to an individual basis certainly gives up rights to the Named Party which they would not have given up otherwise. The Seventh Circuit has said that "the rule requiring written, filed consent is important because a party is bound by whatever judgment is eventually entered in the case, and if he is distrustful of the capacity of the "class" counsel to win a judgment he won't consent to join the suit." *Harkins,* 385 F.3d at 1101. The same distrust inevitably may run to the Named Plaintiff, and it is unclear from the consents what class the parties allege that they belong or that they are pursuing the claim on a represented basis not to mention who is pursuing the claim on their behalf.

The statutory requirements are clear and unambiguous, until the parties file written consents with the court consenting to opt-in to a particular class and that they agree to be represented by the Named Plaintiff of the class, as a matter of law, the parties have not commenced suit and must be dismissed.

### B. Consents with typed /s signatures are deficient.

Plaintiffs' counsel filed purported "consents" to join the lawsuit for Named Plaintiffs and three Opt-In Plaintiffs: J. Lizardo, E. Gomez and I. Gomez. The consents are identical excepting

12

the bottom of each document which contain a typed "s/ NAME" of the purported opt-in plaintiff. (Doc. Nos. 1-4, 3-1, 3-2, and 3-3) Simply put, a typed signature on a form document drafted by counsel is insufficient to satisfy the statute.

The 'consent in writing to become such a party', referred to in § 216(b), and the 'written consent to become a party plaintiff' referred to in § 256(a), is a document signed by the person whose consent it purports to be. *Kulik v. Superior Pipe Specialties Co.*, 203 F. Supp. 938, 941 (E.D. Ill. 1962)(cited with approval in *Frye v Baptist mem. Hosp., Inc.*, 495 Fed. Appx. 669 (6th Cir. 2012).

Admittedly, it is true that advents in technology have made it possible to "sign" a document without a traditional signature and a traditional signature may not be explicitly required by statute; however, the plain reading of the statute makes clear that each *individual plaintiff* – not his counsel – must give *his* consent *in writing* and that *such consent* must be filed with the court. FLSA § 216(b). Given that the eight consents are <u>identical</u> excepting the typed name, it is unbelievable that each plaintiff typed the consent on their own.

Certainly consents that contain a party's signature, either a traditional signature, or a verified electronic signature[3] satisfy the statute. Additionally, a copy of the document with an original signature satisfies the statute. Other conceivable possibilities include a plaintiff giving written consent via email, or via a retainer letter. In any of these circumstances, the party's consent may be physically filed with the court. Additionally, a written consent filed directly with the court by the plaintiff may arguably satisfy the statute absent a signature at all, although that theory would be inconsistent with *Kulik*, however, that question need not be resolved because is simply not the case here. Here, counsel filed a form document with the individuals' names typed

---

[3] For example, an attorney filing a pleading with a /s signature is verified by virtue of the attorney's ECF username and password.

13

on the document. The circumstance here is most analogous to the fact pattern barred by *Kulik* (holding that a typewritten list of names without signatures was insufficient to constitute "written consent" to join the suit) rendering the consents insufficient to satisfy the statute.

Any argument that Named Plaintiffs are immune from this requirement is meritless. Not only is it well established that Named Plaintiffs must file the consent to commence suit, courts have also held that a possible purpose of requiring named plaintiffs to take this additional affirmative step is to ensure that each plaintiff intends to participate in the case, and is not simply a procedural figurehead for an enterprising class action lawyer. *See Arrington v. Nat'l Broadcasting Co.*, 531 F. Supp. 498, 501-02 (D.D.C. 1982) (noting that the purpose of the consent requirement, like the ban on representative actions, "was to prevent large group actions, with their vast allegations of liability, from being brought on behalf of employees who had no real involvement in, or knowledge of, the lawsuit").

FLSA'a mandate is clear: a plaintiff has not commenced a FLSA suit absent *written* consents *by the plaintiff* which are *filed with the court*. The distinction is crucial and, if ignored, highly prejudicial to Defendants because the Court will be extending a statute of limitation beyond what the legislature commands.

The matter is additionally of utmost importance because the collective action cannot be maintained without Named Plaintiffs and, as a matter of law, the Named Plaintiffs have not yet commenced suit for statute of limitations purposes. Until appropriate consents are filed, the plaintiffs at issue should be dismissed as they do not have standing to pursue the action.

## III.  COLLECTIVE CLASSES SHOULD BE DECERTIFIED

The classes simply do not have enough parties to proceed on a collective basis. There is thus a fundamental problem with proceeding with a collective action because there is no way to

14

resolve the claims of each class member without independently establishing the facts that apply to that plaintiff. No two plaintiffs worked the same schedule with the same manager and the pay practices changed throughout the years depending on the payroll servicer retained by El Beso. The Court should decertify the classes.

## A. The server class lacks the numerosity requirement.

Excepting the deficient consents filed by, J. Lizardo, E. Gomez, and I. Gomez, the remaining opt-in party consents all claim that the party opting in worked as a server for El Beso. (Doc. Nos. 29-1,31-1, 32-1, 33-1, 34-1, 35-1, 36-1, 37-1, 38-1, 39-1, 40-1, 41-1, 42-1,43-1, 43-2, 44-1). The purpose of the consent forms is to make uncertain plaintiffs certain and actual participants, so that defendants know the parties and the charges with which they face. *Harkins v Riverboat Servs.*, 2002 U.S. Dist. *11-12 quoting *Deley v. Atlantic Box & Lumber Corp.*, 119 F. Supp. 727, 728 (D.N.J. 1954). However, merely opting in to a class does not warrant its certification. Despite the difference between a collective action and a class action there isn't a good reason to have different standards for the certification of the two different types of action. *Espenscheid*, 705 F.3d at 772. To meet the numerosity requirement, the class must be so large "that joinder of all members is impracticable. *Keele v Wexler*, 149 F.3d 589, 594, (7th Cir. 1998). Generally, where the membership of the proposed class is at least 40 the numerosity requirement is met. *Swanson v. American Consumer Indus., Inc.*, 415 F.2d 1326, 1333 (7th Cir. 1969). Here, the record reflects that 26 individuals opted into the server class; however, the evidence produced through discovery reflects that only a fraction worked as a server for El Beso from April 2012-April 2015.[4] (Bouraxis Aff. ¶ 9). The Plaintiffs will not be able to meet their burden to prove that the majority of Server Class Opt-Ins are servers and they cannot meet the numerosity requirement to defeat decertification. A handful of Opt In Plaintiffs and one Named

---

[4] Defendants do not admit that these individuals have a cognizable wage claim or that they are entitled to damages.

Plaintiff (especially a Named Plaintiff that, as a matter of law, has not commenced suit) hardly meets the numerosity requirement and the Server Class may be decertified on that ground alone. Additionally given that numerous Server Class Opt Ins were never actually servers, the Defendants will be forced to bring such defense on a case by case basis, which constitutes another reason strongly in favor of decertification, however, the class may also be decertified on additional grounds, discussed below.

**B. The Busser/Expeditor and Cooks/Dishwasher Classes lack the numerosity requirement.**

The court should decertify the remaining classes because no party opted in to either class. *See* Doc. Nos. (Doc. Nos. 12-1, 29-1,31-1, 32-1, 33-1, 34-1, 35-1, 36-1, 37-1, 38-1, 39-1, 40-1, 41-1, 42-1,43-1, 43-2, 44-1).

**C. The Named Plaintiffs are not similarly situated with the Opt-In Plaintiffs.**

It is evident that the Plaintiffs cannot satisfy the numerosity requirement for certification, however, the Plaintiffs additionally cannot satisfy commonality, typicality, adequacy, predominance or superiority because the facts show that there are too many differences among the individuals' claims.

**1. El Beso relied on different payroll servicers from year to year.**

El Beso believes that they have complied with all wage and hour laws and that none of the Plaintiffs were paid incorrectly for hours worked. El Beso has a valid basis for believing as much because it has routinely utilized professional payroll servicers who claim to be experts in restaurant payroll. (Bouraxis Aff. ¶¶ 4-5). Accordingly, if there was a wage violation it is unlikely that the exact violation carried from one servicer to the next. Following the same logic, the defenses that the Defendants will ultimately present will vary dependent upon which servicer was employed at a specified time.

16

The conditional classes seek damages beginning in September 2012. As the action was filed in 2015, the timeframe sought by the Plaintiffs assumes that the extended statute of limitations is applicable. (See 29 U.S.C. § 255(a) which codifies that the statute of limitations for FLSA claims is 2-years, absent willful conduct).

Despite, Plaintiffs assumptions, it is evident that any violation, if such violation exists, could not have been done so willingly as to trigger the extended statute of limitations of FLSA because El Beso retained professional payroll servicers. Accordingly, Defendants do not believe that the Plaintiffs are able to meet their burden[5] for willfulness,[6] and the Defendants do not concede willingness.

Assuming, *arguendo*, that the appropriate time frame dates back to 2012, El Beso has utilized four different payroll services, and the defenses that the Defendants will present are not only specific to each individual employee, but also specific to the payroll servicer of the time. This fact alone is sufficient to decertify the conditional classes. Since 2012 El Beso has retained the following payroll providers:

> January 1, 2012 through December 31, 2014…....S. Sherman Accounting Services
> January 1, 2015 through June 30, 2015………….……………............. Paychex
> July 1, 2015 through December 31, 2016……………....……….....The Neal Group
> January 1, 2017 through the present………………….Covenant Accounting, LLC

---

[5] Plaintiffs bear the burden of showing that Defendant's conduct was "willful" for purposes of the statute of limitations. *Bankston v. State of Illinois*, 60 F.3d 1249, 1253 (7th Cir.1995).

[6] "The fact that Congress did not simply extend the limitations period to three years, but instead adopted a two-tiered statute of limitations, makes it obvious that Congress intended to draw a significant distinction between ordinary violations and willful violations." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 132, 108 S. Ct. 1677, 1681, 100 L. Ed. 2d 115 (1988). As the Court said in *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 128, 105 S. Ct. 613, 625, 83 L. Ed. 2d 523 (1985), "it would be virtually impossible for an employer to show that he was unaware of the Act and its potential applicability." Thus, "the normal two-year statute of limitations would seem to apply only to ignorant employers, surely not a state of affair intended by Congress." *McLaughlin*, 486 U.S. at 133, 108 S. Ct. at 1681. "The standard of willfulness that was adopted in *Thurston* -- that the employer either knew or showed *reckless disregard* for the matter of whether its conduct was prohibited by the statute -- is surely a fair reading of the plain language of the Act." (emphasis added) *Id.* at 133. "If an employer acts reasonably in determining its legal obligation, its action cannot be deemed willful and likewise if an employer acts unreasonably, but not recklessly, then, the actions additionally fall short of "willfulness" under FLSA. *Id.* at 135, n. 13.

(Bouraxis Aff. ¶¶ 4-5). The classes that are conditionally certified do not distinguish claims or time periods by payroll provider, however, such distinction is vital to the Plaintiffs individual claims as well as the Defendants' defense to each claim.

### 2. Plaintiffs worked different schedules with different managers.

The defenses will also vary from plaintiff to plaintiff irrespective of payroll servicer because the specific employees would have been dealing with different managers on different shifts. (Bouraxis Aff. ¶7). There cannot be a common claim from one manager to the next, because each manager was given leeway to adjust an employees' schedule, verify time worked, and close out end of the shift. (Bouraxis Aff. ¶10). Without a common claim or policy that was implemented consistently across all the class members, the conditional classes simply cannot proceed and the Court should decertify the classes.

### CONCLUSION

For the reasons stated above, the Defendants respectfully request that the Court dismiss the Plaintiffs who have not stated a claim in accordance with Rule 8, dismiss the Plaintiffs who have not filed the applicable statutory consent to join suit and/or decertify the conditionally certified collective classes.

Dated this 31st day of August, 2018

/s Lauren L. Wick
Paul R. Erickson (#1003920)
Lauren L. Wick (#1097578)
Counsel for Defendants

P.O. ADDRESS:
735 North Water Street
Suite 1400
Milwaukee, WI 53202-4105
Telephone: (414) 273-1144
Facsimile: (414) 273-3821
Email: paul.erickson@gebsc.com
         lauren.wick@gebsc.com

# *Harkins v. Riverboat Servs.*

United States District Court for the Northern District of Illinois, Eastern Division

May 16, 2002, Decided ; May 17, 2002, Docketed

CASE NO. 99 C 123

**Reporter**

2002 U.S. Dist. LEXIS 19637 *; 148 Lab. Cas. (CCH) P34,750; 2002 WL 32406581

JOHN H. HARKINS, et al., Plaintiffs, v. RIVERBOAT SERVICES, INC., SHOWBOAT MARINA CASINO PARTNERSHIP and HARRAH'S OPERATING COMPANY, Defendants.

**Subsequent History:** Costs and fees proceeding at *Harkins v. Riverboat Servs., 286 F. Supp. 2d 976, 2003 U.S. Dist. LEXIS 17982 (N.D. Ill., 2003)*

**Disposition:** [*1] Defendants' Renewed Motion for Partial Summary Judgment and Motion to Strike and to Bar proposed persons as plaintiffs in current case GRANTED.

## Core Terms

written consent, Plaintiffs', overtime wages, consents, collection action, summary judgment, join, party plaintiff, amended complaint, discovery, amend, limitations, individual plaintiff, named plaintiff, individuals, allegations, overtime, Partial

## Case Summary

### Procedural Posture

In a putative class action lawsuit, plaintiff former employees sued defendant employers under the Fair Labor Standards Act (FLSA). Previously, the court denied three motions: the employees' amended motion for judicial notice; two employers' joint motion for summary judgment; and one employer's motion for summary judgment. Two employers then filed a renewed motion for summary judgment and moved to strike certain documents.

### Overview

The employers hired the employees to work on a casino riverboat. The employees' complaint arose out of the maximum hours provision of the FLSA, *29 U.S.C.S. §*
*207(a)*, and the FLSA's retaliatory discharge provision, *29 U.S.C.S. § 215(a)(3)*. Renewing their motion for partial summary judgment, two of the employers argued that a number of the employees' overtime wage claims were time barred. The two employers also moved to strike the written consents of four employees and to bar them from being added as party plaintiffs in the case sub judice. Only three employees who sought overtime wages had filed the requisite written consents, *29 U.S.C.S. § 216(b)*, to join the lawsuit. For the remaining employees seeking overtime wages, the three-year period of limitations for willful overtime violations, *29 U.S.C.S. § 255(a)*, had expired. Regarding the motion to strike, the filing of a written consent was, by itself, insufficient to join the lawsuit, and the employees' attorney had not moved to amend the complaint to add the four employees whose consent forms were being challenged. Further, due to the late stage of the proceedings, the court would not grant leave to amend it was requested.

### Outcome

The court granted the employers' motions.

## LexisNexis® Headnotes

Business & Corporate Compliance > ... > Wage & Hour Laws > Scope & Definitions > Overtime & Work Periods

Labor & Employment
Law > ... > Remedies > Damages > Backpay

*HN1*[⤓] **Scope & Coverage, Overtime & Work Periods**

*29 U.S.C.S. § 207(a)*, the maximum hours provision of the Fair Labor Standards Act provides for overtime

Lauren Wick

compensation when employees work in excess of forty hours per week.

> Civil Procedure > ... > Summary Judgment > Entitlement as Matter of Law > Genuine Disputes
>
> Civil Procedure > ... > Summary Judgment > Entitlement as Matter of Law > General Overview
>
> Civil Procedure > ... > Summary Judgment > Entitlement as Matter of Law > Legal Entitlement
>
> Civil Procedure > ... > Summary Judgment > Entitlement as Matter of Law > Materiality of Facts
>
> Civil Procedure > ... > Summary Judgment > Supporting Materials > General Overview

*HN2*[🔖] **Entitlement as Matter of Law, Genuine Disputes**

*Fed. R. Civ. P. 56(c)* provides that summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.

> Civil Procedure > ... > Summary Judgment > Burdens of Proof > General Overview

*HN3*[🔖] **Summary Judgment, Burdens of Proof**

A plaintiff resisting summary judgment cannot rest on mere allegations of a claim without any significant probative evidence that supports his complaint.

> Civil Procedure > ... > Summary Judgment > Entitlement as Matter of Law > General Overview

*HN4*[🔖] **Summary Judgment, Entitlement as Matter of Law**

One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses.

> Civil Procedure > ... > Summary Judgment > Entitlement as Matter of Law > General Overview

*HN5*[🔖] **Summary Judgment, Entitlement as Matter of Law**

In determining the existence of any genuine issue of material fact, the court must draw all reasonable inferences in the light most favorable to the non-movant.

> Governments > Legislation > Statute of Limitations > Time Limitations
>
> Governments > Legislation > Statute of Limitations > General Overview

*HN6*[🔖] **Statute of Limitations, Time Limitations**

Depending upon the particular nature of the alleged violation, the Fair Labor Standards Act (FLSA) mandates a two-year or three-year statute of limitations. *29 U.S.C.S. § 255(a)*. The statute of limitations for an action seeking overtime compensation is two years and in cases of willful violation of the FLSA it is three years. *§ 255(a)*.

> Civil Procedure > ... > Class Actions > Prerequisites for Class Action > General Overview
>
> Labor & Employment Law > Wage & Hour Laws > Remedies > Class Actions
>
> Labor & Employment Law > Wage & Hour Laws > Remedies > General Overview

*HN7*[🔖] **Class Actions, Prerequisites for Class Action**

In a collective action to recover unpaid overtime wages, the Fair Labor Standards Act explicitly establishes no employee shall be a party plaintiff unless the proposed

plaintiff provides a written consent to join the suit and that consent is filed with the court. *29 U.S.C.S. § 216(b)*.

Civil Procedure > ... > Class Actions > Prerequisites for Class Action > General Overview

Labor & Employment Law > Wage & Hour Laws > Remedies > General Overview

**HN8**[⬇] **Class Actions, Prerequisites for Class Action**

See *29 U.S.C.S. § 216(b)*.

Civil Procedure > ... > Pleadings > Complaints > General Overview

Labor & Employment Law > Wage & Hour Laws > Remedies > Private Suits

Labor & Employment Law > Wage & Hour Laws > Remedies > General Overview

**HN9**[⬇] **Pleadings, Complaints**

An individual plaintiff's claim for overtime wages commences in a collective action only when both (1) the plaintiff files his or her written consent with the court and (2) the complaint is amended to include the plaintiff and the plaintiff's properly pleaded claim. *29 U.S.C.S. 256(a)*; *Fed. R. Civ. P. 8*. Until the plaintiff has filed the statutorily-mandated written consent, the plaintiff has not joined the collective action, even if the plaintiff is named in the complaint.

Civil Procedure > ... > Pleadings > Complaints > General Overview

Governments > Legislation > Statute of Limitations > General Overview

Civil Procedure > Pleading & Practice > Pleadings > General Overview

Civil Procedure > ... > Class Actions > Class Members > Named Members

Labor & Employment Law > Wage & Hour Laws > Remedies > General Overview

Labor & Employment Law > Wage & Hour Laws > Remedies > Class Actions

**HN10**[⬇] **Pleadings, Complaints**

A Fair Labor Standards Act collective action is deemed commenced for an individual plaintiff on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court. *29 U.S.C.S. § 256(a)*. *Section 256* is expressly conjunctive. It requires that plaintiffs in a collective action, including the named plaintiffs, file a written consent and that suit is not "commenced" for statute of limitations purposes until such consent is filed. Thus, written consents not filed with the complaint do not relate back. *29 U.S.C.S. § 256(b)*.

Civil Procedure > ... > Class Actions > Prerequisites for Class Action > General Overview

Governments > Legislation > Statute of Limitations > General Overview

Labor & Employment Law > Wage & Hour Laws > Remedies > General Overview

**HN11**[⬇] **Class Actions, Prerequisites for Class Action**

In the absence of written consents, courts have barred collective Fair Labor Standards Act actions by named plaintiffs due to the statute of limitations.

Governments > Legislation > Statute of Limitations > Time Limitations

Labor & Employment Law > Wage & Hour Laws > Remedies > General Overview

Governments > Legislation > Statute of Limitations > General Overview

Governments > Legislation > Statute of Limitations > Tolling

**HN12**[⬇] **Statute of Limitations, Time Limitations**

*29 U.S.C.S. § 256(a)* requires a party named in a Fair Labor Standards Act complaint to file a written consent before the statute of limitations ceases to run.

Governments > Legislation > Statute of Limitations > Tolling

Labor & Employment Law > Wage & Hour Laws > Remedies > General Overview

Governments > Legislation > Statute of Limitations > General Overview

**HN13[⤓] Statute of Limitations, Tolling**

A named plaintiff attempting to file a collective Fair Labor Standards Act claim is required to file a consent to toll the running of the statute of limitations; the filing of the complaint alone is inadequate.

Labor & Employment Law > Wage & Hour Laws > Remedies > Private Suits

Labor & Employment Law > Wage & Hour Laws > Remedies > General Overview

**HN14[⤓] Remedies, Private Suits**

The requirement of written consent forms in Fair Labor Standards Act (FLSA) litigation serves an important function in actions that often introduce or excuse numerous individual plaintiffs. The purpose of the consent forms is to make uncertain plaintiffs certain, and actual participants, so that defendants could know the parties and the charges with which they were to be faced. The FLSA written consent form requirement clearly accommodates employers by making them aware of what allegations they face and from whom the allegations originate.

Labor & Employment Law > Wage & Hour Laws > Remedies > General Overview

**HN15[⤓] Wage & Hour Laws, Remedies**

The clear intent of *29 U.S.C.S. § 216(b)* is to make class members who wished to participate in, and be bound by, the litigation identify themselves for the benefit of the defendant by formally filing written consents.

Labor & Employment Law > Wage & Hour Laws > Remedies > General Overview

**HN16[⤓] Wage & Hour Laws, Remedies**

While the Fair Labor Standards Act (FLSA) requirement that named plaintiffs file consents is unusual, it is an explicit statutory mandate. The FLSA clearly and unambiguously requires plaintiffs to act proactively, i.e. file a written consent; interested and effected individuals must affirmatively enter the litigation by this administrative action.

Civil Procedure > ... > Class Actions > Prerequisites for Class Action > General Overview

Labor & Employment Law > Wage & Hour Laws > Remedies > General Overview

Civil Procedure > ... > Class Actions > Class Attorneys > General Overview

**HN17[⤓] Class Actions, Prerequisites for Class Action**

The United States Court of Appeals for the Fifth Circuit has held that *29 U.S.C.S. § 216(b)* precludes pure class actions pursuant to *Fed. R. Civ. P. 23* and the plaintiff can not circumvent the Fair Labor Standards Act consent requirement by invoking *Rule 23* in an Age Discrimination in Employment Act class action.

Civil Procedure > Pleading & Practice > Pleadings > Rule Application & Interpretation

Labor & Employment Law > Wage & Hour Laws > Remedies > Class Actions

Labor & Employment Law > Wage & Hour Laws > Remedies > General Overview

**HN18[⤓] Pleadings, Rule Application & Interpretation**

*29 U.S.C.S. § 216(b)* is phrased in the negative, i.e. no individual may be a party plaintiff to a collective action unless he or she files a written consent with the court;

the act of filing a written consent alone does not automatically join an individual to the lawsuit. Rather, § 216(b) operates in conjunction with *Fed. R. Civ. P. 8* and requires the employee to name the individual plaintiff and allege his or her cause of action in the complaint and that individual plaintiff must file a written consent with the court. *Fed. R. Civ. P. 8*.

Civil Procedure > ... > Pleadings > Complaints > Requirements for Complaint

Civil Procedure > Pleading & Practice > Pleadings > Rule Application & Interpretation

*HN19*[⤓] **Complaints, Requirements for Complaint**

See *Fed. R. Civ. P. 8*.

Civil Procedure > Attorneys > General Overview

Labor & Employment Law > Wage & Hour Laws > Remedies > General Overview

Civil Procedure > Pleading & Practice > Pleadings > Rule Application & Interpretation

*HN20*[⤓] **Civil Procedure, Attorneys**

The filing of a written consent in and of itself is insufficient to join a collective-action Fair Labor Standards Act (FLSA) lawsuit. It is "necessary" under the Federal Rules of Civil Procedure to plead facts in the complaint regarding the FLSA claims asserted by the prospective parties who filed consents.

Civil Procedure > ... > Summary Judgment > Opposing Materials > General Overview

Civil Procedure > ... > Pleadings > Amendment of Pleadings > General Overview

Civil Procedure > ... > Pleadings > Amendment of Pleadings > Leave of Court

*HN21*[⤓] **Summary Judgment, Opposing Materials**

Pursuant to *Fed. R. Civ. P. 15(a)*, the district court need not allow an amendment when there is undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile.

**Counsel:** For JOHN H HARKINS, PETER STOFCIK, JR, WALLIE DEL TORO, OFELIA CUEVAS, RAY GIUSTOLISI, HOWARD CANNON, DAVID A WILLIAMS, LEKESA HILL, LISA HILL, PAUL R JOHNSON, MICHAEL S METEVIA, BRIAN J SAUVEY, DANIEL T O'BRIEN, plaintiffs: Ernest Thomas Rossiello, Lara A. Walicek, Sheni Hajat, Ernest T. Rossiello & Associates, P.C., Chicago, IL.

For KELLY B WILLIAMS, LOUIS B KELLY, DARRIN BENTON, SHAYN KEETON, DENNIS ARNOLD, ROBERT WILLIAMSON, NICK ROSETTA, TAMMIE JABLONSKI, JOHN BENJAMIN, plaintiffs: Lara A. Walicek, Sheni Hajat, Ernest T. Rossiello & Associates, P.C., Chicago, IL.

For KEVIN STRUZIK, plaintiff: Lara A. Walicek, Ernest T. Rossiello & Associates, P.C., Chicago, IL.

For RIVERBOAT SERVICES INC, defendant: Gini S. Marziani, Julia Dee Mannix, Jodi Lynn Flynn, Davis, Mannix & McGrath, Chicago, IL.

For HARRAH'S OPERATING COMPANY, INC., SHOWBOAT MARINA CASINO PARTNERSHIP, LTD., defendants: Nicholas Anaclerio, Jr., Genevieve Mary Daniels, Querrey & Harrow, Ltd., Chicago, IL.

For SHOWBOAT **[*2]** MARINA CASINO PARTNERSHIP, LTD., defendant: Thomas P. Carney, Jr., Teresa Christine Kopriva, Querrey & Harrow, Ltd., Chicago, IL.

For SHOWBOAT MARINA CASINO PARTNERSHIP, LTD., defendant: Bradley Joseph Cassato, Merlo, Kanofsky & Brinkmeier, Ltd., Chicago, IL.

**Judges:** WILLIAM J. HIBBLER, DISTRICT JUDGE.

**Opinion by:** WILLIAM J. HIBBLER

## Opinion

### MEMORANDUM AND ORDER

The present case involves overtime compensation and retaliatory discharge claims under the Fair Labor Standards Act ("FLSA"). The Court previously denied three motions in this case: John H. Harkins and related

persons' ("Plaintiffs") Amended Motion for Judicial Notice regarding the findings of the U.S. Department of Labor; Defendant Showboat Marina Casino Partnership's, and Defendant Harrah's Operating Company's joint Motion for Summary Judgment; and Defendant Riverboat Services, Inc.'s Motion for Summary Judgment. (Ct. Mem. and Order, Jan. 24, 2002.) The Court now has two new motions from Defendants Harrah's and Showboat before it: a renewed motion for partial summary judgment against a number of plaintiffs alleging their overtime wage claims are time-barred and a motion to strike the written consents of four individuals **[*3]** and to bar them from being added as party plaintiffs in this matter. The Court GRANTS Defendants' Renewed Motion for Partial Summary Judgment and GRANTS Defendants' Motion to Strike and Bar the proposed persons as plaintiffs.

## Background

Plaintiffs were hired by Defendants as marine crew members of a casino riverboat, the M/V Showboat, docked on Lake Michigan in East Chicago, Indiana. Plaintiffs' complaint arises out of *HN1*[⬆] the maximum hours provision of the FLSA, *29 U.S.C. § 207(a)*, which provides for overtime compensation when employees work in excess of forty hours per week. Plaintiffs Harkins and Stofcik filed a suit for back pay on January 12, 1999; they filed an amended complaint on February 3, 1999 to name additional plaintiffs and state the new plaintiffs' claims. On February 11, 1999, thirteen of the fourteen Plaintiffs who were still employed by Defendants were discharged from employment. On March 2, 1999, the terminated Plaintiffs filed a Third Amended Complaint that added another plaintiff and claims for discriminatory discharge under the retaliatory discharge provision of FLSA, *29 U.S.C. § 215(a)(3)*. On April 21, 1999, Plaintiffs **[*4]** filed a Fourth Amended Complaint and named Showboat as a defendant.

## Defendants' Renewed Motion for Partial Summary Judgment

### Standard of Review

*HN2*[⬆] *Rule 56(c) of the Federal Rules of Civil Procedure* provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue

as to any material fact and that the moving party is entitled to judgment as a matter of law." *Fed.R.Civ.P. 56(c)*. A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986)*. *HN3*[⬆] A plaintiff cannot rest on mere allegations of a claim without any significant probative evidence that supports his complaint. *Id.* *HN4*[⬆] "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." *Celotex Corp. v. Catrett, 477 U.S. 317, 323-34, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986)*. *HN5*[⬆] In determining the existence of any **[*5]** genuine issue of material fact, the court must draw all reasonable inferences in the light most favorable to the non-movant. *Bank Leumi Le-Israel, B.M. v. Lee, 928 F.2d 232, 236 (7th Cir. 1991)*.

### Analysis

*HN6*[⬆] Depending upon the particular nature of the alleged violation, the FLSA mandates a two-year or three-year statute of limitations. *29 U.S.C. § 255(a)*(the statute of limitations for an action seeking overtime compensation is two years and in cases of willful violation of the FLSA it is three years). *HN7*[⬆] In a collective action to recover unpaid overtime wages, the FLSA explicitly establishes no employee shall be a party plaintiff unless the proposed plaintiff provides a written consent to join the suit and that consent is filed with the court. *29 U.S.C. § 216(b)*. *HN8*[⬆] Specifically, *Section 216(b)* states:

> An action to recover [unpaid overtime or minimum wages, or damages for discriminatory discharge] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and on behalf of himself or themselves and other employees similarly **[*6]** situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

*Id.* (emphasis added).

Therefore, *HN9*[⬆] an individual plaintiff's claim for overtime wages commences in a collective action only when both (1) the plaintiff files his or her written consent with the court and (2) the complaint is amended to

include the plaintiff and the plaintiff's properly pleaded claim. _29 U.S.C. 256(a)_; _Fed.R.Civ.P. 8_. Until the plaintiff has filed the statutorily-mandated written consent, the plaintiff has not joined the collective action, even if the plaintiff is named in the complaint. _Gordon v. Trace Ambulance, Inc., 2001 U.S. Dist. LEXIS 3140, 2001 WL 587854_, at *1 (N.D.Ill. Feb. 23, 2001)("No individual in a FLSA suit can become a party plaintiff or be bound by a judgment unless she opts into the class by filing a written consent.... Without these written consents, [title Plaintiff] is prohibited from maintaining and prosecuting this action on behalf of a class of similarly situated employees."); _Songu-Mbriwa v. Davis Memorial Goodwill Indus., 144 F.R.D. 1, 2 (D.D.C. 1992)_; **[\*7]** _Groshek v. Babcock and Wilcox Tubular Products Division, 425 F. Supp. 232, 233 (E.D. Wis. 1977)_(to become a plaintiff in an FLSA action, each employee was required to file consent forms with the court).

**HN10**[⬆] An FLSA collective action is deemed commenced for an individual plaintiff "on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court." _29 U.S.C. § 256(a)_; _see also Songu Mbriwa v. Davis Memorial Goodwill Indus., 144 F.R.D. 1, 2 (D.D.C.1992)_ ("Until a plaintiff, even a named plaintiff, has filed a written consent, [] he has not joined in the class action, at least for statute of limitations purposes."). "_Section 256_ is expressly conjunctive. It requires that plaintiffs in a collective action, including the named plaintiffs, file a written consent and that suit is not 'commenced' for statute of limitations purposes until such consent is filed." _Salazar v. Brown, 1996 U.S. Dist. LEXIS 18113, 1996 WL 302673_, at *10 (W.D.Mich. April 9, 1996); _see also Gordon, 2001 U.S. Dist. LEXIS 3140, 2001 WL 587854_, at **[\*8]** *1, n.1. Thus, written consents not filed with the complaint do not relate back. _See also 29 U.S.C. § 256(b)_.

In the present case, Plaintiff filed suit "as a **collective action** under _29 U.S.C. § 216(b)_ on behalf of the named co-plaintiffs and all **other employees similarly situated**." (Compl. Counts I and III, PP1 (emphasis added).) Further, Plaintiff alleged Defendants "willfully" failed to compensate them for overtime wages, and thus the applicable statute of limitations period is three years. (Compl. Count I, P8 and Count III, P3); _29 U.S.C. § 255(a)_. However, only three plaintiffs (David Williams, Lekesa Hill Hunter and Lisa Hill) who seek overtime wages have filed the requisite written consents to join this lawsuit. Therefore, since the plaintiffs at issue were

terminated by February 1999 and the three-year period of limitations for willful overtime violations expired on February 2002, the remaining plaintiffs' claims for overtime wages are now time-barred.

**HN11**[⬆] In the absence of written consents, courts have barred collective FLSA actions by named plaintiffs due to the statute of limitations. _Gordon, 2001 U.S. Dist. LEXIS 3140, 2001 WL 587854_; **[\*9]** _Salazar, 1996 U.S. Dist. LEXIS 18113, 1996 WL 302673_, at *10-12 ("Under any construction of the statute, plaintiffs' claim under the FLSA cannot be characterized as anything other than a collective FLSA action requiring named plaintiffs to file written consents to toll the statute of limitations."); _Wertheim v. Arizona, 1993 U.S. Dist. LEXIS 21292, 1993 WL 603552_, at *8 (D.Ariz. Sept. 20, 1993) **HN12**[⬆] ("_Section 256(a)_ requires a party named in a [FLSA] complaint to also file a written consent before the statute of limitations ceases to run."); _Groshek, 425 F. Supp. at 232, 234_; _Lombardi v. Altemose Constr. Co., 69 F.R.D. 410, 411 (E.D.Pa. 1975)_(the court denied plaintiff's motion to maintain a collective action because no consents were filed with the court); _Kulik v. Superior Pipe Specialties Co., 203 F. Supp. 938, 941 (E.D.Ill. 1962)_(the court found **HN13**[⬆] a named plaintiff attempting to file a collective FLSA claim was required to file a consent to toll the running of the statute of limitations; the filing of the complaint alone was inadequate); _contra Schwertfeger v. Village of Sauk Village, 2000 U.S. Dist. LEXIS 1912, 2000 WL 224746_, at *1 (N.D.Ill. Feb. 23, 2000) **[\*10]** (the court ruled the title plaintiff who filed the FLSA suit was not required to file a written consent).

Plaintiffs' counsel claims Defendant deposed each of the twenty-one plaintiffs and thus cannot now claim surprise or injury by the presence of the plaintiffs who failed to file written consents. Counsel is correct that Defendant was aware of the existence of the possible plaintiffs; however, counsel admitted it was aware of its duty to submit to the Court the written consents of those persons who wished to participate in, and be bound by, the action. Further, Plaintiffs' counsel stated to the Court it had filed these requisite consents.

In the parties' appearance before Magistrate Denlow on March 22, 2000, Defendant stated "we've had a lot of plaintiffs dropping out of this lawsuit" and asked Plaintiffs' counsel to confirm it had filed a _Section 216(b)_ consent to sue for each of the individual plaintiffs, as mandated by _Section 216(b)_. (Tr. of Mot. Hr'g, March 22, 2000; _see_ Pl. Resp. Mot. Partial Summ. J. Ex. A-1.) Plaintiffs' counsel responded this would not be a

problem and stated "there are only three plaintiffs that have dropped out. Everybody else has consented [*11] to join." Id. The Court asked Plaintiffs' counsel if it had been serving Defendant with copies of the consent to sue. Id. Plaintiff asserted it had submitted "everything" and confirmed "there should be no question as to who had consented and who has not consented." Id. Further, the Court can reasonably conclude Plaintiffs' counsel recognized the need to file both an amended complaint and written consent, since counsel filed the written consents of Williams, Hill and Hunter to join this litigation for the recovery of overtime wages and cited specifically to Section 216(b). In addition, as discussed below, Plaintiffs' counsel recently collected written consents from four additional proposed plaintiffs who wish to join the litigation; such compliance with the Section 216(b) procedures for an individual to opt into collective wage actions acknowledges the mandatory scheme's significance and conclusiveness.

Moreover, _HN14_[⬆] the requirement of written consent forms in FLSA litigation serves an important function in actions that often introduce or excuse numerous individual plaintiffs. The purpose of the consent forms is "to make... uncertain plaintiffs certain, and actual participants, [*12] so that defendants could know the parties and the charges with which they were to be faced." _Deley v. Atlantic Box & Lumber Corp., 119 F. Supp. 727, 728 (D.N.J. 1954)_. The FLSA written consent form requirement clearly accommodates employers by making them aware of what allegations they face and from whom the allegations originate. Prior to its amendment by Section 216(b), parties in collective or representative actions brought under the FLSA often approached trial confused or surprised by changing plaintiffs and evolving factual allegations. _HN15_[⬆] The clear intent of Section 216(b) was to make class members who wished to participate in, and be bound by, the litigation identify themselves for the benefit of the defendant by formally filing written consents. For instance, in the present matter, proposed plaintiff John Benjamin was named as a plaintiff in this matter on February 11, 1999; on February 22, 1999, he voluntarily withdrew himself as a plaintiff; on April 1, 2002, he filed his written consent to rejoin this matter for the recovery of overtime wages. Mr. Benjamin's history illustrates the need for written consents to provide unambiguous notice and stability in FLSA [*13] actions.

Finally, Plaintiff was on notice of the danger Plaintiff faced in failing to file written consents. In its Answer to the Fourth Amended Complaint, Defendant satisfactorily pleaded a statute of limitations defense to warrant a dismissal due to the lack of timely filed consents. _See Armstrong v. Rubin, 298 N.Y.S.2d 325, 31 A.D.2d 913 (N.Y.App.Div. 1969)_(trial judge erred in permitting permitted plaintiffs' counsel to file consents nunc pro tunc at trial when counsel had retained the consents in his file and more than two years passed since accrual of the causes). "The limitation [defense] was pleaded in the answer in clear and adequate language sufficient to give the non-filing plaintiffs notice of each and every aspect of that defense, and there was no need whatever specifically to plead the failure to file consents." Id.

The statutory requirement to file a written consent has not been waived in this matter and Plaintiffs' counsel is not somehow absolved of its duties under the FLSA. _HN16_[⬆] While "the statutory requirement that named plaintiffs file consents is unusual", it is an explicit statutory mandate. _Salazar, 1996 U.S. Dist. LEXIS 18113, 1996 WL 302673_, at [*14] *11. The FLSA clearly and unambiguously requires plaintiffs to act proactively, i.e. file a written consent; interested and effected individuals must affirmatively enter the litigation by this administrative action.

Plaintiffs' counsel asserts where a FLSA overtime wage complaint is amended to include additional plaintiff's in a collective action under Section 216(b), those plaintiffs need not file separate written consents. Counsel suggests _Anderson v. Montgomery Ward, 852 F.2d 1008, 1018-19 (7th Cir. 1988)_, supports this argument; however, Anderson is inapplicable in the present case. In Anderson, the Seventh Circuit addressed a claim of wrongful termination by a class of plaintiffs who claimed their termination violated the Age Discrimination in Employment Act ("ADEA"). None of the Anderson plaintiffs claimed a violation of the FLSA, nor did they assert unpaid overtime wage claims. Further, the court there primarily analyzed the administrative remedies and procedures mandated in ADEA litigation, pursuant to Title VII of the Civil Rights Act, which are not present here. _Id. at 1017-19_. Finally, the cases the court relied upon in Anderson [*15] are distinguishable and distinct from the present matter. _Id. at 1018_. Neither _Allen v. Atlantic Richfield Co., 724 F.2d 1131 (5th Cir. 1984)_, nor Morelock v. NCR Corp., 586 F.2d 1096 (6th Cir. 1978), was a collective action and thus the FLSA's requirement for written consents was not an issue. Further, as in Anderson, Morelock was an ADEA action and not an FLSA action. Finally, the Anderson court cited to _LaChapelle v. Owens-Illinois, Inc., 513 F.2d 286 (5th Cir. 1975)_; however, in LaChapelle, _HN17_[⬆] the Fifth Circuit held Section 216(b) precludes pure class actions pursuant to Rule 23 and the plaintiff could not

circumvent the FLSA consent requirement by invoking *Rule 23* in an ADEA class action. Therefore, Plaintiffs' counsel's reliance on *Anderson* is misplaced and fails to revive the barred claims.

## Defendants' Motion to Strike and Bar

Defendants also have moved to strike the written consents of four individuals (John Benjamin, Mevlina Gonzalez, John Torres and William Torres) and to bar them from being added as party plaintiffs in the present collective action.

On February 20, 2001, discovery closed in this [*16] matter. On November 26, 2001, Plaintiffs' counsel filed the written consents of Gonzalez and the Torreses to join the litigation for the recovery of overtime wages; on April 1, 2002, counsel filed the written consent of Benjamin to rejoin this matter. There are no specific factual allegations in the Fourth Amended Complaint concerning any of these consenting plaintiffs because Plaintiffs' counsel never sought or obtained leave from the Court to amend the complaint to include these FLSA claims. Plaintiffs' counsel previously had added numerous individual plaintiffs to this litigation and then amended the complaints to reflect their joinder; however, counsel has not moved for leave to file a Fifth Amended Complaint to add these four individuals and their claims. *See Salazar, 1996 U.S. Dist. LEXIS 18113, 1996 WL 302673*, at *13-14.

As stated above, *Section 216(b)* **HN18**[↑] is phrased in the negative, i.e. no individual may be a party plaintiff in a collective action unless he or she files a written consent with the court; the act of filing a written consent alone does not automatically join an individual to the lawsuit. Rather, *Section 216(b)* operates in conjunction with *Rule 8 of the Federal Rules of Civil Procedure* [*17] and requires the employee to name the individual plaintiff and allege his or her cause of action in the complaint and that individual plaintiff must file a written consent with the court. *Fed.R.Civ.P. 8* **HN19**[↑] ("A pleading which sets forth a claim for relief... shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment.") **HN20**[↑] The filing of a written consent in and of itself is insufficient to join this lawsuit. "The court emphasizes to plaintiffs' counsel that it is 'necessary' under the Federal Rules of Civil Procedure to plead facts in the complaint regarding the FLSA claims

asserted by the prospective parties who filed consents." *Salazar, 1996 U.S. Dist. LEXIS 18113, 1996 WL 302673*, at *14.

Further, while Plaintiffs' counsel has not indicated a desire to amend its complaint to include these four individuals and their claims, the Court would deny leave to file such a Fifth Amended Complaint. Discovery has been closed for over fourteen months. Summary judgment has already been filed and ruled upon by the Court. Plaintiffs' [*18] counsel apparently knows of the need to amend his complaint to reflect added plaintiffs and claims, since he previously had amended the complaint three times to add such relevant and requisite information. This case is on the eve of trial. Thus, an attempt to amend the complaint to join these individuals would be untimely and prejudicial; Plaintiffs' tardiness would unduly prejudice Defendants and require Defendants to engage in additional discovery relating to these new plaintiffs and their claims. **HN21**[↑] *See Fed.R.Civ.P. 15(a)* (the district court need not allow an amendment when there is undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile); *see also Bethany Pharmacal Co., Inc. v. QVC, Inc., 241 F.3d 854, 861 (7th Cir.2001)*(affirming the denial of leave to amend because of undue delay where discovery was closed and defendant had filed its motion for summary judgment); *Sanders v. Venture Stores, Inc., 56 F.3d 771, 773-74 (7th Cir.1995)* (leave to amend would force the opposing party to relitigate the dispute on new basis and to endure additional and costly discovery, resulting in undue delay [*19] and prejudice); *Cleveland v. Porca Co., 38 F.3d 289, 297 (7th Cir.1994)* (affirming the denial of leave to amend because the movants sought to add a new claim after discovery had been completed and the summary judgment motions briefed); *Johnson v. Methodist Med. Ctr. of Ill., 10 F.3d 1300, 1303-04 (7th Cir.1993)* (refusing the amendment because it would add new actors and new actions, thus taking the opposing party by surprise, forcing it to perform additional discovery, and essentially requiring it to engage in a new suit on different issues, four years after the original action was filed), *cert. denied, 511 U.S. 1107, 128 L. Ed. 2d 664, 114 S. Ct. 2102 (1994)*; *Kleinhans v. Lisle Savings Profit Sharing Trust, 810 F.2d 618, 625 (7th Cir.1987)* (finding no abuse of discretion in denying motion to amend complaint where motion was filed after discovery was completed and after defendant had moved for summary judgment, without adequate explanation for the delay); *Textor v. Board of Regents of N. Ill. Univ., 711 F.2d 1387, 1391 (7th Cir.1983)*; *Fry v. UAL Corp., 895 F. Supp. 1018,*

*1051 (N.D.Ill. 1995).* **[*20]**

## CONCLUSION

For the above reasons, the Court GRANTS Defendants' Renewed Motion for Partial Summary Judgment. The Court grants summary judgment for Defendants as to the overtime wage claims of Plaintiffs John H. Harkins; Peter Stofcik, Jr.; Wallie Del Toro; Ofelia Cuevas; Ray Giustolisi; Howard Cannon; Michael S. Metevia; Brian J. Sauvey; Daniel T. O'Brien; Kelly B. Williams; Louis E. Kelley; Darrin Benton; Shayn Keeton; Dennis Arnold; Robert Williamson; Nick Rosetta; Tammie Jablonski; and Kevin Struzik.

In addition the Court GRANTS Defendants' Motion to Strike and Bar. The Court strikes the written consents of John Benjamin, Mevlina Gonzalez, John Torres and William Torres and bars them from being added as party plaintiffs in the present case.

**IT IS SO ORDERED.**

**DATED:** May 16, 2002

**WILLIAM J. HIBBLER, DISTRICT JUDGE**

---

End of Document